**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 18-cv-02092-WYD-SKC

ELIAZAR BARBECHO BONILLA,

      Plaintiff,

v.

CARLOS JAVIER PALOMINO BUCH and
TOMKE WILLS

      Defendants.

---

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

---

      Defendants Carlos Javier Palomino Buch and Tomke Wills, by and through their attorneys, hereby submit the following Answer and Affirmative Defenses to Plaintiff's Complaint:

**<u>PRELIMINARY STATEMENT</u>**

      1.      No response is necessary to Plaintiff's conclusory statements.  However, to the extent a response is required, deny.

      2.      No response is necessary to Plaintiff's conclusory statement.  However, to the extent a response is required, deny.

      3.      Deny.

      4.      Deny.

      5.      Deny.

      6.      Deny.

7.      Defendants are without information or belief as to the assertions set forth in

Paragraph 7 of the Complaint, and therefore deny.

8.      No response is necessary to Plaintiff's conclusory statements.  However, to the

extent a response is required, deny.

## JURISDICTION AND VENUE

9.      Admit.

10.     Admit.

## PARTIES

11.     Deny.

12.     Deny.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Deny.

## STATEMENT OF FACTS

I.      PLAINTIFF'S TRANSPORTATION TO AND WORK IN THE UNITED STATES

19.     Admit.

20.     Deny.

21.     Deny.

22.     Paragraph 22 is nonsensical. Defendants admit that Ms. Bonilla was granted a number of visas to accompany them to the United States.  The visas speak for themselves, and to the extent Paragraph 22 states otherwise, deny.

23.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about January 23, 2014, and that the parties returned to Mexico on or about February 5, 2014.  Defendants deny the remaining allegations of Paragraph 23.

24.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about July 6, 2014, and that the parties returned to Mexico on or about August 8, 2014.  Defendants deny the remaining allegations of Paragraph 24.

25.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

26.     Deny.

27.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about December 17, 2015, and that the parties returned to Mexico on or about December 29, 2015.  Defendants deny the remaining allegations of Paragraph 27.

28.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

29.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about February 2, 2016, and that the parties returned to Mexico on or about February 14, 2016.  Defendants deny the remaining allegations of Paragraph 29.

30.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

31.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about August 3, 2016, and that the parties returned to Mexico on or about August 26, 2016.  Defendants deny the remaining allegations of Paragraph 31.

32.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

33.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about February 14, 2017, and that the parties returned to Mexico on or about February 26, 2017.  Defendants deny the remaining allegations of Paragraph 33.

34.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about August 3, 2017, and that the parties returned to Mexico on or about August 20, 2017.  Defendants deny the remaining allegations of Paragraph 34.

35.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

36.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about December 15, 2017, and that the parties returned to Mexico on or about January 5, 2018.  Defendants deny the remaining allegations of Paragraph 36.

37.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

38.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about March 22, 2018, and that the parties returned to Mexico on or about April 2, 2018.  Defendants deny the remaining allegations of Paragraph 38.

39.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

40.     Defendants admit that Ms. Bonilla traveled with Defendants from Mexico City to Colorado on or about August 2, 2018, and that Ms. Bonilla left Defendant Palomino's employment on August 10, 2018.  Defendants deny the remaining allegations of Paragraph 40.

41.     Deny, with the exception that Defendants admit Ms. Bonilla received a payment in Mexican Pesos for work performed.

II.     DEFENDANTS' RECRUITMENT OF PLAINTIFF IN MEXICO

42.     The labor contract referenced in Paragraph 42 of the Complaint is a document that speaks for itself; to the extent the allegations of Paragraph 42 contradict the express language of the contract, deny.

43.     The labor contract referenced in Paragraph 43 of the Complaint is a document that speaks for itself; to the extent the allegations of Paragraph 43 contradict the express language of the contract, deny.

44.     The labor contract referenced in Paragraph 44 of the Complaint is a document that speaks for itself; to the extent the allegations of Paragraph 44 contradict the express language of the contract, deny.

45.     The labor contract referenced in Paragraph 45 of the Complaint is a document that speaks for itself; to the extent the allegations of Paragraph 45 contradict the express language of the contract, deny.

46.     The labor contract referenced in Paragraph 46 of the Complaint is a document that speaks for itself; to the extent the allegations of Paragraph 46 contradict the express language of the contract, deny.

47.     Deny.

48.     Deny.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny, although Defendants will admit that Ms. Bonilla's English language skills are limited.

60.     Deny, Ms. Bonilla has a brother and other family members illegally residing in the State of Arizona.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

III.     PLAINTIFF'S ESCAPE

66.     Deny.

67.     Defendants are without information or belief as to the assertions set forth in Paragraph 67 of the Complaint, and therefore deny.

68.     Defendants are without information or belief as to the assertions set forth in Paragraph 68 of the Complaint, and therefore deny.

69.     Defendants are without information or belief as to the assertions set forth in Paragraph 69 of the Complaint, and therefore deny.

70.     Defendants admit that a Steamboat Springs Police Department officer served as a civil standby while Ms. Bonilla recovered her belongings.  Defendants deny the remaining allegations of paragraph 70.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Defendants admit that the Steamboat Springs Police Department officer that served as a civil standby had a body camera.  The contents of that recording speak for itself, and to the extent that recording is contradicted by any of the allegations set forth in the Complaint, deny.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARS ACT 29 U.S.C. §206, *et seq.*
(All Defendants)

75.     Defendants reincorporate by reference their responses to the preceding paragraphs.

76.     Paragraph 76 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

77.     Deny.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Deny.

82.     Deny.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT 18 U.S.C. §1597
(All Defendants)

83.     Defendants reincorporate by reference their responses to the preceding paragraphs.

84.     Paragraph 84 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

85.     Deny as to all subparts.

86.     Paragraph 86 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

87.     Deny.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF COLORADO WAGE CLAIM ACT,
### COLO. REV STAT. §8-4-101, *et seq.*
(All Defendants)

88.     Defendants reincorporate by reference their responses to the preceding paragraphs.

89.     Paragraph 89 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

90.     Deny.

91.     Deny.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF COLORADO MINIMUM WAGE OF WORKERS ACT,
### §8-6-101, *et seq.*
(All Defendants)

92.     Defendants reincorporate by reference their responses to the preceding paragraphs.

93.     Paragraph 93 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

94.     Paragraph 94 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

95.     Paragraph 95 asserts a legal conclusion for which no response is necessary.  To the extent a response is necessary, deny.

96.     Deny.

97.     Deny.

98.     Deny.

99.     Deny.

## FIFTH CLAM FOR RELIEF

### BREACH OF CONTRACT
(All Defendants)

100.    Defendants reincorporate by reference their responses to the preceding paragraphs.

101.    The terms of any employment contracts between the parties speak for themselves, and to the extent the allegations of Paragraph 101 contradict said employment contracts, deny.

102.    Deny.

103.    Deny.

104.    Deny.

## SIXTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT
(All Defendants)

105.    Defendants reincorporate by reference their responses to the preceding paragraphs.

106.    Deny.

107.    Deny.

108.    Deny.

109.    Deny.

110.    Deny.

## GENERAL DENIAL

111.     Defendants deny all averments in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.       Plaintiff has failed to state a claim upon which relief can be granted.

2.       Plaintiff's claims are barred in whole or in part on the doctrine of *forum non conveniens*.

3.       Plaintiff failed to mitigate her damages, if any.

4.       Plaintiff's damages are barred or reduced by the doctrine of set-off.

5.       Plaintiff's claims are barred or limited by the doctrines of unclean hands or *in pari delicto*.

6.       Plaintiff's claims are barred or limited by the doctrines of waiver, ratification, release, inequity, and/or estoppel.

7.       Plaintiff's claims are barred or limited by the applicable statute of limitations.

8.       Plaintiff's claims are barred or limited by accord and satisfaction, and/or payment and release.

9.       Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

10.      The Plaintiff is not entitled to liquidated damages under the Fair Labor Standards Act because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and the Defendants had reasonable grounds for believing that their actions or omissions did not violate the law.

11.     Defendants invoke the defenses, protections, and limitations of the Colorado

Wage Claim Act, C.R.S. § 8-4-101 *et seq.*

12.     At all times Defendants acted in good faith and had reasonable grounds for

believing their actions were in compliance with the Colorado Wage Claim Act.

13.     Plaintiff is not entitled to punitive damages under the facts of this case, and in any

event any punitive damages awarded are subject to limitation pursuant to US or Colorado law.

Dated this 1st day of October, 2018.

FAIRFIELD AND WOODS, P.C.

*s/ Adrian P. Castro*
Adrian P. Castro, Atty. Reg. No. 42028
1801 California Street, Suite 2600
Denver, CO 80202
Telephone: (303) 830-2400
Facsimile: (303) 830-1033
E-Mail: acastro@fwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2018 a true and correct copy of the
foregoing was filed and served via the ECF Filing System upon all parties who have entered their
appearance.

*s/ A.J. Jimenez*
   A.J. Jimenez